IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv40

| | |
|---|---|
| WALTER DeWOLF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| BEKINS VAN LINES, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court *sua sponte*.

On March 4, 2009, the Plaintiff filed a Complaint against the Defendant in the General Court of Justice, District Court Division, Haywood County, alleging a claim for breach of contract governed by the Carmack Amendment, 49 U.S.C. § 14706, et seq. The Complaint seeks damages not to exceed $10,000, rendering the case ineligible for removal under 28 U.S.C. § 1445(b).[1] [Doc. 1-1]. On or about January 26, 2010, the Plaintiff

---

[1] "A civil action in any State court against a carrier or its receivers or trustees to recover damages for delay, loss, or injury of shipments, arising under section . . . 14706 of title 49, may not be removed to any district court of the United States unless the matter in controversy exceeds $10,000, exclusive of interest and costs." 28 U.S.C. § 1445(b).

forwarded to the Defendant's counsel a proposed Amended Complaint seeking damages in excess of $10,000, an amount which would render this case eligible for removal under 28 U.S.C. § 1445(b). [Doc. 1-2]. Within thirty days of receiving this proposed Amended Complaint, the Defendant removed this action to this Court, asserting that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. [Doc. 1].

Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal jurisdictional requirements are absolute, and no party may waive a jurisdictional defect. See Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 392, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) (noting where removal is defective for lack of subject matter jurisdiction, remand may take place at any time with or without a motion to remand). As the party asserting federal jurisdiction, the Defendant has the burden of proving by a preponderance of the evidence that the jurisdictional requirements for removal have been met. Lawson v. Tyco Electronics Corp., 286 F.Supp.2d 639, 641 (M.D.N.C. 2003).

In the present case, the state court records filed along with the Defendant's Notice of Removal do not indicate that the Plaintiff ever filed

his proposed Amended Complaint with the state court or that the state court in any way granted leave for the filing of such an amended pleading. As such, the Defendant's Notice of Removal appears to be premature. See Savilla v. Speedway SuperAmerica, LLC, 91 F. App'x 829, 831 (4th Cir. Jan. 22, 2004) (holding that notice of removal filed after state court granted leave to amend the complaint was not premature); Allison v. Meadows, No. 2:05-CV-00092, 2005 WL 2016815, at *3 (S.D.W.Va. Aug. 22, 2005) (holding that receipt of unsigned drafts of settlement agreement between plaintiff and nondiverse defendant "is not a sufficiently certain indication that the case is one which is or has become removable").

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant shall **SHOW CAUSE** by **March 24, 2010** why this case should not be remanded to state court for lack of subject matter jurisdiction. The Plaintiff may file a response to the Defendant's filing on or before **March 31, 2010.**

**IT IS SO ORDERED.**

Signed: March 10, 2010

Martin Reidinger
United States District Judge